IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
-----------------------------------x
ARON ROSENBERG,                     :
                                    :
            Plaintiff,              :   Civil Action No.
                                    :   3:01 CV 2051 (CFD)
     - against -                    :
                                    :
GE CAPITAL EQUITY INVESTMENTS,      :
INC., et al                         :
            Defendants.             :   January 21, 2004
-----------------------------------x
```

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO INTERVENE

The plaintiff, Aron Rosenberg, has filed a motion for relief from an order of this Court dated September 8, 2003, granting "absent objection" the motion of iXL Enterprises, Inc. ("iXL") to be substituted as a plaintiff. Since the present state of the record indicates that the motion to substitute has been granted, plaintiff submits this memorandum in support of his motion, pursuant to Rules 24(a) and 24(b) of the Federal Rules of Civil Procedure, to intervene in this action. This motion is submitted in the alternative to a motion to vacate order under Rule 60(b) filed herewith.

### Background Facts

Aron Rosenberg originally brought this action as a shareholder of iXL Enterprises, Inc. ("iXL" or the "Issuer").  The underlying action asserts claims for violations of Section 16(b) of the Securities Exchange Act

1

of 1934, 15 U.S.C. §78p(b) for unlawful short-swing insider trading profits realized by defendant General Electric Capital Corporation ("GECC") in the stock of iXL Enterprises, Inc.[1]  Total potential damages are believed to be approximately $17 million.

The Issuer filed for bankruptcy protection some time after this action was first filed and while the motion to dismiss made by GECC was still *sub judice*.  A motion to substitute iXL as the plaintiff with the real party in interest in this action pursuant to Rules 17 and 25(c) was made on July 3, 2003 (*i.e.*, right before the July 4th holiday).  The Court apparently granted that motion on September 8, 2003, absent objection.  The reasons for not responding to the motion are addressed in the Rule 60(b) motion filed on the date hereof.  As a shareholder of iXL Aron Rosenberg has a pecuniary interest in the outcome of the action, and a statutory right to pursue his claim under Section 16(b), which entitles him to intervene as of right.

**Argument**

Rule 24 of the Federal Rules Of Civil Procedure provides, in relevant part, as follows:

> (a) Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to

---

[1]Other defendants were originally named in the Complaint but were dismissed based upon stipulation between the parties.  *See* Docket entry number 38.

intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by the existing parties.

(b) Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common.

In order to prevail under Rule 24 the intervener must meet four criteria: the applicant must (1) file a timely motion; (2) claim an interest relating to the property or transaction that is the subject of the action; (3) be so situated that without intervention the disposition of the action may impair that interest; and (4) show that the interest is not already adequately represented by existing parties. Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171 (2001). Movant maintains that he is entitled to intervene as of right under subsection (a) of Rule 24 because he has a statutory right to do so, a pecuniary interest in the outcome, and all of the above criteria are met in this case.

Section 16(b) of the Securities and Exchange Act is a statutory right - - **not** a shareholder derivative action governed by Rule 23.1 of the Federal Rules of Civil Procedure.  See, e.g., Dottenheim v. Murchinson, 227 F.2d 737, 738-39 (5th Cir. 1955), cert. denied, 315 U.S. 919

3

(1956); see also Blau v. Albert, 157 F. Supp. 816, 818

(S.D.N.Y. 1957) (citing Blau v. Mission Corp.,212 F.2d 77,

79 (2d Cir.), cert. denied, 347 U.S. 1016 (1954); Pelligrino

v. Nesbitt, 203 F.2d 463, 466 (9th Cir. 1953)). Indeed, the

Supreme Court has held that standing in a Section 16(b) is

statutory and *not* governed by traditional state law

concepts.  See Gollust v. Mendell, 501 U.S. 115, 122 (1991).

A primary motivation for the enactment of Section 16(b)

was the inadequacy of state law remedies in assuring high

levels of fiduciary conduct.  See, e.g. Kern County Land Co.

v. Occidental Petroleum Corp., 411 U.S. 582, 592 n.3 (1973)

(quoting S. Rep. No. 1455, 73 Cong. 2d Sess. 55 (1934)).

The statute itself provides a distinct mechanism for a

shareholder (or other security holder) to institute an

action.  Demand must be made on the issuer (*i.e.*, iXL) and

if the issuer fails to act within 60 days, the shareholder

is free to commence his (or her) lawsuit.  See 15 U.S.C.

§78p(b); see also Blau v. Mission Corp., 212 F.2d. at 79

(Rule 23.1 cannot be interpreted to "override the direct

mandate of § 16(b) that suit may be brought by the owner of

such security without qualification.").[2]  The statute also

provides a mechanism for a security holder to sue (or

intervene) in a lawsuit in the event that a corporation

responded to the demand but "shall fail diligently to

prosecute" the lawsuit. 15 U.S.C. §78p(b); see also

Molybdenum Corp. of America v. Intern. Mining Corp., 32

F.R.D. 415, 419 (S.D.N.Y. 1963) (citations omitted.)

Nowhere, however, does the statute provide a mechanism

for eliminating a security holder plaintiff based upon a

motion made by the issuing company.  Absent such statutory

authority and given the contrary statutory scheme, such a

procedure would contravene Supreme Court authority that

statutes in the federal securities laws are to be construed

strictly according to their terms.  See, e.g., Central Bank

of Denver, N.A. v. First Interstate Bank of Denver, N.A.,

511 U.S. 164 (1994) (no cause of action for aiding and

abetting a violation of Section 10(b) of the Exchange Act

exists because the statute does not expressly provide for

such a claim).  The furthest that courts have been willing

to go has been to allow issuers to intervene in a pending

Section 16(b) action where there was a reason to believe

---

[2]The courts have recognized that Section 16(b) is vested
with a unique public character.  See, e.g., Magida v. Continental
Can, Co., 231 F.2d 843, 847 (2d Cir.), cert. denied, 351 U.S. 972
(1956).  The statute represents a legislative judgment that "*all*
short-swing trading by directors and officers was vulnerable to
abuse because of their intimate involvement in corporate

that the security holder prosecuting the case was not doing

so diligently.  See Silverman v. Re, 194 F. Supp. 540, 542

(S.D.N.Y. 1961).  However, to our knowledge, the procedure

of actually replacing a security holder as a plaintiff in a

pending Section 16(b) action is **unprecedented**.

Lastly, Mr. Rosenberg was not somehow deprived of

standing to continue his Section 16(b) lawsuit based upon

the filing if the bankruptcy petition.  We believe that, if

the full *quantum* of damages sought in this action were

recovered, Mr. Rosenberg and the other iXL shareholders

would be unable to recover any funds, *i.e.*, Mr. Rosenberg

continues to have a pecuniary interest in the outcome of

this case.  Accord Gollust, supra.  Thus, he is not only an

interested party, but also those interests are not

adequately represented by iXL.

Accordingly, Aron Rosenberg is entitled, as of right,

to intervene in this action due to his pecuniary interest

and the nature of his statutory rights under Section 16(b).

---

affiliation." Foremost-McKesson, Inc. v. Provident Secs. Co., 423
U.S. 232, 253 (1976) (emphasis added).

## Conclusion

For the reasons stated herein, movant respectfully requests that the court grant his motion to intervene.

Intervener, Aron Rosenberg

By: _____
J. Daniel Sagarin CT04289
David A. Slossberg CT13116
HURWITZ & SAGARIN, LLC
147 North Broad Street
Milford, Connecticut 06460
Telephone: 203-877-8000

OF COUNSEL:

Jack G. Fruchter
Mitchell M.Z. Twersky
FRUCHTER & TWERSKY
1 Penn Plaza, Suite 1910
New York, NY 10119
Telephone: (212) 279-5050
Facsimile: (212) 279-3655

Jeffrey S. Abraham
ABRAHAM & ASSOCIATES
1 Penn Plaza, Suite 1910
New York, NY 10119
Telephone: (212) 714-2444
Facsimile: (212) 279-3655

<u>Certificate of Service</u>

       This is to certify that a copy of the foregoing was sent by facsimile and overnight mail on January 22, 2004 to:

J. Steve McGeeney, Esq.
James R. Bliss, Esq.
1055 Washington Boulevard
Stamford, CT  06901

James A. Lenes, Esq.
Neubert, Pepe & Monteith,  P.C.
195 Church St., 13th Floor
New Haven, CT  06510

Robert A. Horowitz, Esq.
Greenberg Traurig, LLP
885 Third Avenue
21ST Floor
New York, NY 10022

Jack G. Fruchter, Esq.
Mitchell M.Z. Twersky
FRUCHTER & TWERSKY
1 Penn Plaza, Suite 1910
New York, NY 10119

Jeffrey S. Abraham, Esq.
ABRAHAM & ASSOCIATES
1 Penn Plaza, Suite 1910
New York, NY 10119

 

_____
David A. Slossberg