```
              IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF CONNECTICUT

-----------------------------------x
ARON ROSENBERG,                    :
                                   :
              Plaintiff,           :   Civil Action No.
                                   :   3:01 CV 2051 (CFD)
     - against -                   :
                                   :
GE CAPITAL EQUITY INVESTMENTS,     :
INC., et al                        :
              Defendants.          :   January 21, 2004
-----------------------------------x
```

## MEMORANDUM OF LAW IN SUPPORT OF MOTION
## FOR RELIEF FROM ORDER

The plaintiff, Aron Rosenberg, submits this memorandum in support of his motion, pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, for relief from an order dated September 8, 2003 granting a Motion To Substitute (the "Order"), based on clerical mistake or excusable neglect. The Order was granted absent objection.  Mr. Rosenberg's failure to respond, however, was caused by a clerical filing error in the undersigned's office, a failure by the movant to serve lead counsel, and an error by the clerk's office in failing to give notice of the court's Order to any counsel for Mr. Rosenberg, or notice regarding any of the proceedings following that motion up to the present.

For these reasons and those stated below, the court should reopen the order, permit Mr. Rosenberg to respond to it on the merits, and permit Mr. Rosenberg to participate in the settlement process as it is now proceeding.

**<u>Background Facts</u>**

On March 28, 2003, the parties submitted to the court a letter brief concerning the effect of iXL Enterprises, Inc.'s ("iXL") Chapter 11 bankruptcy on the instant litigation. On January 7, 2004, pro hac vice motions were submitted to the court on behalf of Jack Fruchter and Jeffrey Abraham.

In response to the docketing of those pro hac vice motions, a clerk of the court called to advise that the Court had ordered a substituted plaintiff. Following that advice, we immediately checked the court docket and our file and learned that on July 3, 2003, this office received a copy of a Motion to Substitute Plaintiff. The certification on said motion did not include Attorneys Fruchter or Abraham, as had previous motions, who are lead counsel in the matter.

Although there had been some delay in moving for their admission, all parties were aware that the laboring oar in this case was being carried by Attorney Abraham of Abraham & Associates and Mr. Fruchter of Fruchter & Twersky as the prior motions, negotiations and discussions occurred. The Motion to Substitute Plaintiff was not seen by any attorney in the undersigned's office. At the time, the attorney who was handling this matter was Attorney Margaret Haering. (As of January 1, 2004, Ms. Haering is no longer with this

office and is retired from active practice). Apparently the motion was placed in the file by a secretary and was not noticed by any attorney.

As of July 2003, there was active consideration by the Court of a motion to dismiss which had been filed by the defendant GE. On May 30, 2002, defendant GE had moved for extension of time on consent to file a reply memorandum. See GE Defendant's Motion on Consent for Extension of Time dated May 30, 2002, noting that the certificate of service was also sent to Fruchter & Twersky and Jeffrey Abraham.

On July 1, 2002, defendant GE filed its Reply Memorandum in Further Support of Its Motion to Dismiss the Complaint. On January 29, 2003, there was a motion on Consent for continuance with respect to oral argument filed by the defendant GE. Again, Mr. Fruchter and Mr. Abraham were noted on their certificate of service.

Apparently all of that background prompted the Court's request for the parties' view as to what effect the bankruptcy would have on the proceeding and that, in turn, prompted our prior referenced March 28, 2003 letter to the Court. That letter in turn prompted the defendants' counsel, Mr. McGeeney's letter to the Court of March 28, 2003, again with copies to Mr. Fruchter, Mr. Twersky and Jeffrey Abraham. Thus, from that time forward, plaintiff was under the impression that the Court had the issues of the motion

3

to dismiss and the effect of the bankruptcy sub judice.

As previously indicated, neither this office nor the offices of Attorneys Fruchter or Abraham had any conscious awareness of the motion by iXL to substitute itself as a plaintiff and no copy of the same had been sent to either Mr. Abraham or Mr. Fruchter or their firms. Having reviewed the motion to substitute, we believe iXL is not entitled to be substituted.

All were equally unaware that the Court's Order dated 9/8/03 had denied without prejudice the Motion to Dismiss and on the same date terminated the plaintiff party Aron Rosenberg because the clerks office did not serve it on the undersigned's office or to Messrs. Abraham or Fruchter. The Endorsed Order reads "absent objection". Apparently that was done, at least in part, because no response had been made to the motion.

Although Messrs. Fruchter and Abraham had been listed as counsel for the plaintiff (e.g. on plaintiff's response to motions to dismiss and all defendants' motions) they were not notified of the motion to substitute by the movants. Thereafter, the undersigned's office and Messrs. Abraham and Fruchter were all unaware of any activity occurring in this case until the clerk's call on the issues of pro hac vice admissions.

Indeed, during the fall, Mr. Fruchter was in contact

4

with defendants' counsel concerning plaintiff's views on settlement.  Now, for the first time, we have learned that there is a proposed settlement, the terms of which have not been previously disclosed to Mr. Rosenberg or any of his counsel.  We have received no notice of the same.

Clearly, Mr. Rosenberg's rights are being affected, without his having had an opportunity to protect them.  It was Mr. Rosenberg and his counsel who prosecuted the case, passed the motion to dismiss, who conceived of the case, and are entitled to know that the benefit to the company is maximized.  Plaintiff has great concerns that the settlement before the Court is collusive in nature and that it is controlled by the defendants.

### **Argument**

Rule 60(b) provides in relevant part, as follows:

> On motion, and upon such terms that are just, the court may relieve a party or party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect . . . (6) or any other reason justifying relief from the operation of the judgment.

The factors to consider in determining whether to grant relief under Rule 60(b)(1) are: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in

5

good faith. Pioneer Investment Services, Inc. v. Brunswick Associates Limited Partnership, 113 S.Ct. 1489, 1498 (1993).

The determination is at bottom an equitable one, taking account of all relevant circumstances. Id. A finding that the circumstances involve some matter beyond movant's control constitutes excusable neglect, as does miscommunication or clerical errors. See e.g. Walter v. Blue Cross & Blue Shield United Of Wisconsin, 181 F.3d 1198 (11th Cir. 1999)(Rule 60(b) motion granted for untimely response to motion to dismiss due to error of secretary to record applicable deadline, which constitutes innocent oversight and excusable neglect); Cheney v. Anchor Glass Container Corp., 71 F.3d 848 (11th Cir. 1996) (mis-communications between two attorneys that caused late filing constituted excusable neglect warranting reopening of judgment of dismissal); Union Pacific Railroad Company v. Progress Rail Services Corp., 256 F.3d 781 (8th Cir. 2001) (failure to answer due to clerical error of defendant in filing complaint constituted excusable neglect under Rule 60(b)(1)).

Here, the inadvertence was clearly a mistake of a clerical nature. The attorneys in the undersigned's office were unaware of the Motion To Substitute because it was filed before being reviewed. The motion was not served on lead counsel, despite all prior motions having been so

6

served.  The clerk's office compounded the problem by failing to notify the undersigned's office of the September 8 order or any proceedings thereafter.

Moreover, there will be no prejudice to the defendant. Given the bankruptcy, the only thing that has transpired in the intervening time are settlement discussions, not substantive discovery, or motion practice or trial preparation.  By contrast, Mr. Rosenberg, who conceived of this suit, and has suffered substantial damage, is prejudiced by having been excluded from the settlement discussions and this suit without proper justification.

## Conclusion

Accordingly, for the reasons as set forth above, and as supported by the attached affidavits, former plaintiff Aron Rosenberg respectfully requests that the Court set aside its order granting the Motion to Substitute Plaintiff, afford him an opportunity on any reasonable basis to respond to the motion dated July 2, 2003 and permit him to participate

in any aspects of the proceedings including any settlement discussions or approval hearings.

                              Movant
                              Aron Rosenberg

                              By: _____
                              J. Daniel Sagarin CT04289
                              David A. Slossberg CT13116
                              HURWITZ & SAGARIN, LLC
                              147 North Broad Street
                              Milford, Connecticut 06460
                              Telephone: 203-877-8000

OF COUNSEL:

Jack G. Fruchter
Mitchell M.Z. Twersky
FRUCHTER & TWERSKY
1 Penn Plaza, Suite 1910
New York, NY 10119
Telephone: (212) 279-5050
Facsimile: (212) 279-3655

Jeffrey S. Abraham
ABRAHAM & ASSOCIATES
1 Penn Plaza, Suite 1910
New York, NY 10119
Telephone: (212) 714-2444
Facsimile: (212) 279-3655

Certificate of Service

This is to certify that a copy of the foregoing was sent by facsimile and overnight mail on January 22, 2004 to:

J. Steve McGeeney, Esq.
James R. Bliss, Esq.
1055 Washington Boulevard
Stamford, CT 06901

James A. Lenes, Esq.
Neubert, Pepe & Monteith, P.C.
195 Church St., 13th Floor
New Haven, CT 06510

Robert A. Horowitz, Esq.
Greenberg Traurig, LLP
885 Third Avenue
21ST Floor
New York, NY 10022

Jack G. Fruchter, Esq.
Mitchell M.Z. Twersky
FRUCHTER & TWERSKY
1 Penn Plaza, Suite 1910
New York, NY 10119

Jeffrey S. Abraham, Esq.
ABRAHAM & ASSOCIATES
1 Penn Plaza, Suite 1910
New York, NY 10119

_____
David A. Slossberg