```
           IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF CONNECTICUT

-------------------------------------x
ARON ROSENBERG,                      :
                                     :
              Plaintiff,             :   Civil Action No.
                                     :   3:01 CV 2051 (CFD)
    - against -                      :
                                     :
GE CAPITAL EQUITY INVESTMENTS,       :
INC., et al                          :
              Defendants.            :   January 21, 2004
-------------------------------------x
```

### AFFIDAVIT OF J. DANIEL SAGARIN IN SUPPORT OF
### MOTION FOR RELIEF FROM ORDER

I, J. Daniel Sagarin, being duly sworn, hereby depose and say:

1. I am over the age of eighteen and understand the obligations of an oath. I am a member of the firm, Hurwitz & Sagarin and counsel for former plaintiff Aron Rosenberg in this matter.

2. On January 21, 2004 it was brought to my attention that plaintiff Aron Rosenberg had been terminated from the above action and iXL Enterprises, Inc. substituted as party plaintiff.

3. On March 28, 2003, the parties submitted to the court a letter brief concerning the effect of iXL Enterprises, Inc.'s Chapter 11 bankruptcy on the instant litigation, a copy of which is attached as Exhibit A.

4. On January 7, 2004, pro hac vice motions were

submitted to the court on behalf of Jack Fruchter and Jeffrey Abraham (attached as Exhibit B hereto).

5. In response to the docketing of those pro hac vice motions, a clerk of the court called to advise that the Court had ordered a substituted plaintiff.

6. Following that advice, we checked our file and learned that on July 3, 2003, this office received a copy of a Motion to Substitute Plaintiff. The certification on said motion did not include Attorneys Fruchter or Abraham, as had previous motions. See, for example, Joint Motion for Extension of Time dated March 14, 2003 and letter of John McGeeney dated March 28, attached hereto as Exhibits C and D.

7. Although there had been some delay in moving for their admission, all parties were aware that the laboring oar in this case was being carried by Attorney Abraham of Abraham & Associates and Mr. Fruchter of Fruchter & Twersky as the prior motions, negotiations and discussions occurred.

8. The Motion to Substitute Plaintiff was not seen by any attorney in this office. At the time, the attorney who was handling this matter in this office was Attorney Margaret Haering. (As of January 1, 2004, Ms. Haering is no longer with this office and is retired from active practice.) Apparently the motion was placed in the file and not noticed by any attorney.

9. As of July 2003, there was active consideration by the Court of a motion to dismiss which had been filed by the defendant GE.

10. On May 30, 2002, defendant GE had moved for extension of time on consent to file a reply memorandum. See GE Defendant's Motion on Consent for Extension of Time dated May 30, 2002, noting that the certificate of service was also sent to Fruchter & Twersky and Jeffrey Abraham. See Exhibit E attached hereto.

11. On July 1, 2002, defendant GE filed its Reply Memorandum in Further Support of Its Motion to Dismiss the Complaint.

12. On January 29, 2003, there was a motion on Consent for continuance with respect to oral argument filed by the defendant GE. Again, Mr. Fruchter and Mr. Abraham were noted on their certificate of service. See Exhibit F attached hereto.

13. Apparently all of that background prompted the Court's request for the parties' view as to what effect the bankruptcy would have on the proceeding and that, in turn, prompted our prior referenced March 28, 2003 letter to the Court.

14. That letter in turn prompted the defendants' counsel, Mr. McGeeney's letter to the Court of March 28, 2003, again with copies to Mr. Fruchter, Mr. Twersky and

Jeffrey Abraham.

15. Thus, from that time forward, plaintiff was under the impression that the Court had the issues of the motion to dismiss and the effect of the bankruptcy sub judice.

14. As previously indicated, neither this office nor the offices of Attorneys Fruchter or Abraham had any conscious awareness of the motion by iXL Enterprises, Inc. to substitute party iXL Enterprises, Inc. as a plaintiff and no copy of the same had been sent to either Mr. Abraham or Mr. Fruchter or their firms, and having reviewed the motion to substitute, believe iXL is not entitled to be substituted.

16. All were equally unaware that the Court by endorsement order dated 9/8/03 had denied without prejudice the Motion to Dismiss and on the same date terminated the plaintiff party Aron Rosenberg. Endorsed reads "absent objection". Apparently that was done, at least in part, because no response had been made to the motion. At no time was any plaintiff's counsel advised of any contact by defendants' or other plaintiffs' counsel as to how the motion to dismiss should be ruled upon. It appears that someone advised this Court that the case was to be settled.

17. Although Messrs. Fruchter and Abraham had been listed as counsel for the plaintiff (e.g. on plaintiff's response to motions to dismiss and all defendants' motions)

they were not notified of the motion to substitute by the movants.

  18. Thereafter, this office and Messrs. Abraham and Fruchter were all unaware of any activity occurring in this case until the clerk's call on the issues of <u>pro</u> <u>hac vice</u> admissions.

  19. Indeed, during the fall, Mr. Fruchter was in contact with defendants' counsel concerning plaintiff's views on settlement.

  20. Now, for the first time, we learn that there is a proposed settlement, the terms of which have not been previously disclosed to Mr. Rosenberg or any of his counsel. We have received no notice of the same.

              _____
              J. Daniel Sagarin

Subscribed and sworn to before
me, this \_\_\_ day of January, 2004.


_____

Commissioner of the Superior Court

<u>Certificate of Service</u>

  This is to certify that a copy of the foregoing was mailed, first class mail, on January      , 2004

J. Steve McGeeney, Esq.
James R. Bliss, Esq.
1055 Washington Boulevard
Stamford, CT  06901

James A. Lenes, Esq.
Neubert, Pepe & Monteith,  P.C.
195 Church St., 13th Floor
New Haven, CT  06510

Robert A. Horowitz, Esq.
Greenberg Traurig, LLP
885 Third Avenue
21ST Floor
New York, NY 10022

Jack G. Fruchter, Esq.
Mitchell M.Z. Twersky
FRUCHTER & TWERSKY
1 Penn Plaza, Suite 1910
New York, NY 10119

Jeffrey S. Abraham, Esq.
ABRAHAM & ASSOCIATES
1 Penn Plaza, Suite 1910
New York, NY 10119

        _____
        J. Daniel Sagarin