# HURWITZ & SAGARIN LLC

March 28, 2003

The Honorable Christopher F. Droney
United States District Court
450 Main Street
Hartford, CT 06103

    Re:    Rosenberg v. GE Capital Equity Investments, Inc., et al.
            Case Number 3:01 CV 2051 (CFD)

Dear Judge Droney:

      In response to Your Honor's request, Plaintiff submits the following brief concerning the effect of iXL Enterprises, Inc.'s Chapter 11 bankruptcy filing upon the instant action.

## COURSE OF PROCEEDINGS

      On August 8, 2001, Plaintiff, pursuant to 15 U.S.C. 78p(b), Section 16(b) of the Securities Exchange Act of 1934 ("Section 16(b)"), made a demand upon iXL Enterprises, Inc. ("iXL") that it bring an action against Defendants GE Capital Equity Investments, Inc., General Electric Pension Trust, General Electric Capital Corporation and General Electric Capital Assurance Company (the "GE Defendants"), Mellon Ventures II, L.P. and Thomson U.S., Inc. to recover profits made in violation of Section 16(b). Plaintiff alleged that the defendants were deemed statutory insiders subject to Section 16(b) liability as a consequence of collectively owning more than 10% of the outstanding stock of iXL as a group and thereafter bought and sold iXL securities within a six month period reaping millions of dollars in profits. By letter dated October 2, 2001, iXL, through its attorneys Greenberg Traurig (who now represent iXL in its bankruptcy), declined to bring the action. Plaintiff commenced this action (the "Action") on November 2, 2001, seeking to recover for the benefit of the Nominal Defendant iXL short-swing profits realized by the defendants. On November 7, 2001, iXL merged with Scient Corporation. By March 1, 2002, all of the defendants had moved to dismiss the complaint. On May 9, 2002, plaintiffs opposed the motion and voluntarily dismissed defendants Thomson, U.S., Inc. and Mellon Ventures II, L.P. from the Action with prejudice. On July 1, 2002, the GE defendants filed their reply brief. On July 16, 2002, Scient Corporation and iXL filed for bankruptcy in the Southern District of New York and filed a Suggestion of Bankruptcy and Notice of Operation of Automatic Stay in this Action on September 25, 2002. After three continuances, oral argument on the GE Defendants motion to dismiss is scheduled for May 2, 2003.

      The Court has requested that the parties submit a brief regarding the effect of Nominal Defendant iXL's, Chapter 11 bankruptcy filing on these proceedings. Plaintiff submits that the instant

proceeding is not stayed by the filing.

## ARGUMENT

As an initial matter this court continues to have jurisdiction over this Action inasmuch as the automatic stay provision of 11 U.S.C.A. § 362 merely suspends proceedings and does not divest the district court of subject matter jurisdiction. See David v. Hooker, Ltd., 560 F.2d 412, 418 (9th Cir. 1977). Furthermore, the district court retains jurisdiction independent of the bankruptcy court to determine whether a pending civil action is subject to the automatic stay. See In re Baldwin-United Corp. Litig., 765 F.2d 343, 346 (2d Cir. 1985) ("District court has jurisdiction to determine the applicability of the automatic stay."); Picco v. Global Marine Drilling Co., 900 F.2d 846, 850 (5th Cir. 1990) ("District courts retain jurisdiction to determine the applicability of the stay to litigation pending before them. ..."); NLRB v. Edward Cooper Painting, Inc., 804 F.2d 934, 939 (6th Cir. 1986) ("The court in which the litigation claimed to be stayed is pending has jurisdiction to determine not only its own jurisdiction but also the more precise question whether the proceeding pending before it is subject to the automatic stay.").

There are two potentially applicable subsections of Section 362 of the Bankruptcy Code to this Action, to wit:

> (a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), operates as a stay, applicable to all entities, of --
>
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against *the debtor* that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title; and
>
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. (Emphasis added).

These limitations are consistent with the purpose of section 362(a) which is that a bankruptcy petition shall operate as a stay "of various types of actions to obtain affirmative relief against the debtor or his property." Holland America Ins. Co. v. Succession of Roy, 777 F.2d 992, 995 (5th Cir. 1985). As Congress explained:

> The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his creditors. It stops all

2

collection efforts, all harassment, and all foreclosure actions. It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

S.Rep.No. 989, 95th Cong., 2d 54 (1978), reprinted in 1978 U.S. Code Cong. & Admin. News 5787, 5840; see also H.R. Rep.No. 595, 95th Cong., 1st Sess. 174, reprinted in 1978 U.S. Code Cong. & Admin. News 5963, 6135.

Although iXL is included in the caption as a defendant, in reality, iXL is a nominal defendant as no affirmative relief is sought against iXL. Indeed, any monies recovered by plaintiff against the defendants will inure to the benefit of iXL. In that regard, iXL is more akin to a plaintiff in this Action.

As iXL is a nominal defendant this is not "an action against the debtor" stayed by 11 U.S.C. §362(a)(1). Walters v. First Tennessee Bank, N.A. Memphis, 855 F.2d 267, 271 (6th Cir. 1988) (automatic stay would not apply where debtor was nominal defendant in derivative action[1]), cert. denied, 489 U.S. 1067 (1989). This is sufficient to take the Action out of the scope of the automatic stay provision. See, e.g., Price & Pierce Int'l, Inc. v. Spicers Int'l Paper Sales, Inc., 50 B.R. 25 (S.D.N.Y. 1985) (interpleader action, which named bankrupt debtor as defendant, was not subject to automatic stay, because the bankrupt was only nominally a defendant and the claim being advanced was for its benefit).

Similarly, in In re Saxon Industries, 33 B.R. 54; 1983 Bankr. LEXIS 5430 (S.D.N.Y. 1983), the bankruptcy court was presented with a motion by a derivative plaintiff to lift the stay. Over the defendant's opposition the court granted the motion on the grounds that: (1) the debtor failed to sustain the burden that the stay should continue; (2) the derivative suit's interference with the debtor's estate would be *de minimis*; (3) no extra burden would be placed on the corporation; and (4) the action was being prosecuted on a contingency fee. Therefore, this is not an Action "against" the debtor and is not stayed by section 362(a).

Even assuming that this Action is somehow an "action against the debtor," any stay imposed under § 362(a)(1) applies only to bar proceedings against the debtor, and does not apply to actions against non-debtor third parties or co-defendants of the debtor. See Teachers Ins. & Annuity Ass'n v. Butler, 803 F.2d 61, 65 (2d Cir. 1986); Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 126-27 (4th Cir. 1983);

---

[1] A Section 16(b) suit is not a derivative claim of the issuer, but a primary right of the issuer's shareholders. FDIC v. American Bank Trust Shares, Inc., 558 F.2D 711, 716 (4th Cir. 1977) (Section 16(b) suit is not a derivative suit for purposes of Fed. R. Civ. P. 23.1); Dottenheim v. Murchison, 227 F.2d 737, 738-39 (5th Cir. 1955), cert. denied, 351 U.S. 919 (1956); Blau v. Oppenheim, 250 F. Supp. 881, 885 (S.D.N.Y. 1966); Truncale v. Universal Pictures Co., 76 F. Supp 465, 470 (S.D.N.Y. 1948); and Pottish v. Divak, 71 F. Supp. 737, 738-39 (S.D.N.Y. 1974). In fact, the issuer corporation may not even have to be a party to a Section 16(b) suit. Epstein v. Shindler, 26 F.R.D. 176, 177 (S.D.N.Y. 1960).

see also S.I. Acquisition, Inc. v. Eastway Delivery Serv., Inc. (In re S.I. Acquisition), 817 F.2d 1142, 1148 (5th Cir. 1987); and Pitts v. Unarco Indus., Inc., 698 F.2d 313, 314 (7th Cir. 1983). This is true 'even if the non-debtor defendants are in a similar legal or factual nexus with the debtor.'" Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1205 (3d Cir. 1992).

There is a line of authority which holds, however, that the scope of the stay under § 362(a)(1) may, under certain circumstances, be expanded to include non-debtor third parties or co-defendants of the debtor. The leading case adopting that view is A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 999 (4th Cir.), cert. denied, 479 U.S. 876 (1986), in which the United States Court of Appeals for the Fourth Circuit stated that in "unusual circumstances" a court may stay proceedings against non-debtor third parties or co-defendants pursuant to §362(a)(1). According to the Fourth Circuit, unusual circumstances arise "when there is such identity between the debtor and the [non-debtor co-defendant] that the debtor may be said to be the real party defendant and ... a judgment against the [non-debtor co-defendant] will in effect be a judgment or finding against the debtor." Robins, 788 F.2d at 999. The Robins court illustrated what it considers to be an unusual circumstance warranting application of §362(a)(1) to a non-debtor co-defendant as "a suit against a third party who is entitled to absolute indemnity by the debtor on account of any judgment that might result against [it] in the case." Id. In the instant case there are no such "unusual circumstances." A judgment against the GE Defendants is simply that. There is no possible outcome of this Action which can affect iXL detrimentally.

Moreover, the Second Circuit implicitly rejected the "unusual circumstances" exception. In Teachers Ins. & Annuity Ass'n v. Butler, 803 F.2d 61, 65 (2d Cir. 1986) the plaintiff sued a partnership and its three partners for breach of contract. After the New York district court entered judgment for the plaintiff, the defendants filed an appeal, the partnership filed for bankruptcy in California, and the partnership and the partners moved to stay the Second Circuit appeal, arguing that its continuation violated the automatic stay. The Second Circuit held that although the automatic stay applied to the appeal by the debtor partnership, it did not apply to the appeal by the non-debtor partners. The Court first stated the rule that the automatic stay is limited to debtors and does not reach non-debtors.

In addition, a Section 16(b) action is not "an act to exercise control over property of the estate" under Section 362(a).

The claim asserted here is not the property of the debtor's estate. As stated above, a Section 16(b) cause of action is an express private right of action with an independent statutory origin. See generally Section 16 of the Securities Exchange Act, Arnold S. Jacobs, §3:1 (July 2002); Mendell v. Gollust, 909 F.2D 724, 728 (2d Cir. 1990), aff'd, 501 U.S. 115 (1991). The statute gave the security holder a distinct right that is not derivative of an issuer's claim. Mendell, 909 F.2D at 728. Second, Congress intended a Section 16(b) cause of action to be an instrument of statutory policy with the general public as the ultimate beneficiary. See Epstein v. Shindler, 26 F.R.D. 176, 178 (S.D.N.Y. 1960); Benisch v. Cameron, 81 F. Supp. 882, 884 (S.D.N.Y. 1948); and Section 16 of the Securities Exchange Act, Arnold S. Jacobs, §3:35. This intent is further evident in the preamble to Section 16(b), which declares its purpose as

"preventing the unfair use of information which may have been obtained by [an insider] by reason of his relationship to the issuer." Unlike a derivative suit, where the stockholder brings the action solely for the benefit of the injured corporation, which has been damaged, Section 16(b) actions are designed to protect outside stockholders against short-swing speculation by insiders. See Colan v. Mesa Petroleum Co., 951 F.2d 1512, 1519 (9th Cir. 1991), cert. denied, 504 U.S. 911 (1992); and Mendell, 909 F.2d at 726.

Furthermore, plaintiff is not trying to obtain or assert control over any proceeds of this Action for his benefit or for the benefit of any particular creditors of iXL. Any recovery in this Action will inure to the benefit of iXL and all of its creditors. A primary purpose of Section 362(a)(3) as Congress intended is "to prevent dismemberment of the estate" and to enable an "orderly" distribution of the debtor's assets. See H.R. Rep. No. 595, 95th Cong., 1st Sess. 340, 341 (1977), reprinted in 1978 U.S.C.C.A.N. 5963, 6296-97. See Hillis Motors, Inc. v. Hawaii Auto. Dealers Ass'n., 997 F.2d 581, 586 (9th Cir. 1993) (A principal purpose of [§ 362(a)(3)] is to preserve property for use in the reorganization of the debtor and to prevent the dismemberment of the estate."). The success of this Action does not threaten to dismember the bankruptcy estate or impede the reorganization proceedings. The reach of the automatic stay is limited by its purposes and one of the principal purposes of the automatic stay is to preserve the property of the debtor's estate for the benefit of all the creditors. In re Prudential Lines, 928 F.2d 565, 573 (2d Cir. 1991), cert. denied, 502 U.S. 821 (1991) (citations omitted); see also United States v. Inslaw, Inc. (In re Inslaw, Inc.), 289 U.S. App. D.C. 383, 932 F.2d 1467, 1473 (D.C. Cir. 1991) ("The object of the automatic stay provision is essentially to solve a collective action problem - to make sure that creditors do not destroy the bankrupt estate in their scramble for relief.") (citation omitted), cert. denied, 116 L. Ed. 2d 813, 112 S. Ct. 913 (1992).

Furthermore, the instant Action is to determine if the GE Defendants' have Section 16(b) liability with respect to their trading in iXL securities. As yet, the connection to any of the debtor's property is too tenuous. Duval v. Gleason, 1990 U.S. Dist. LEXIS 18398; Bankr. L. Rep. (CCH) P73,721; Fed. Sec. L. Rep. (CCH) P95,694 (N.D.Ca. 1990) (In an action to determine the liability of individual defendants in connection with the, allegedly fraudulent marketing and selling of limited partnerships the issue of whether the debtor's insurance policy proceeds were available to satisfy claims on the basis of indemnity was not stayed).

## CONCLUSION

The automatic stay provisions of Section 362(a) are inapplicable to this Action and the Court should proceed with the argument on Defendants motion to dismiss the complaint on May 2, 2003.

Respectfully submitted,

*[signature]*

MARGARET E. HAERING
Counsel for Plaintiffs


cc: James R. Bliss, Esq.
    Jeffrey Abraham, Esq.
    Jack Fruchter, Esq.
    Miranda Schiller, Esq.