Paul, Hastings, Janofsky & Walker LLP
1055 Washington Boulevard, Stamford, CT 06901-2218
telephone 203-961-7400 / facsimile 203-359-3031 / internet www.paulhastings.com

# Paul Hastings

Atlanta
Beijing
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Stamford
Tokyo
Washington, D.C.

(203) 961-7471
jamesbliss@paulhastings.com

March 28, 2003

17317.00315

**VIA UPS OVERNIGHT DELIVERY**
The Honorable Christopher F. Droney
United States District Court
District of Connecticut
450 Main Street
Hartford, CT 06103

Re:  Aron Rosenberg v. GE Capital Equity Investments, Inc., et al.
     Docket No. CV 3:01 CV 2051 (CPD)

Dear Judge Droney:

As Your Honor is aware, this is an action under Section 16(b) of the Securities Exchange Act of 1934 seeking disgorgement of profits allegedly realized by the GE Defendants through prohibited "short swing" trading in the securities of iXL Enterprises, Inc. ("iXL"). As required, iXL has been named a nominal defendant. On September 25, 2002, iXL filed a Suggestion of Bankruptcy and Notice of Operation of Automatic Stay ("Stay Notice"), notifying the Court and the other parties that it had filed for bankruptcy and that the action was automatically stayed pursuant to Section 362 of the Bankruptcy Code (the "Automatic Stay").

During the status conference on March 4th, 2003, we raised the question of whether, in light of the Stay Notice, the plaintiff should seek relief from the Bankruptcy Court to proceed with the action. We also pointed out that iXL is not currently represented by counsel in this action, and may not be aware that the GE Defendants' Motion to Dismiss has been scheduled for argument. Your Honor requested that the parties submit letter-briefs addressing the issue. As set forth below, our research suggests that the Automatic Stay applies to this action, and that relief from the stay must be obtained in order for the action to proceed.

At least one reported case, a 2000 Southern District of New York decision, indicates that the Automatic Stay applies to 16(b) actions. See AEC One Stop Group, Inc. v. Bain Capital Fund IV L.P., 96 Civ. 6664, 2000 U.S. Dist. LEXIS 12973 (S.D.N.Y. Sept. 7, 2000). There, the 16(b) action was automatically stayed when the issuer filed for

The Honorable Christopher F. Droney
United States District Court
March 28, 2003
Page 2

bankruptcy. The plaintiff sought relief from the stay, but his motion was denied. After the Bankruptcy Court confirmed the plan of reorganization and lifted the Automatic Stay, the issuer (in its reorganized form) took up the prosecution of the action, leaving the plaintiff and his counsel on the sideline. The issue at bar was whether plaintiff's counsel's claim to a fee for having initiated the action had been discharged by the bankruptcy. The Court ruled that it had. We found no case indicating that the Automatic Stay does not apply to 16(b) actions.

Additionally, the Second Circuit has held that the Automatic Stay applies to shareholder derivative suits, which are nearly identical in structure to 16(b) actions. See Mitchell Excavators, Inc. v. Mitchell, 734 F.2d 129, 131-132 (2d Cir. 1984) ("some proceeding in the bankruptcy court must take place before a shareholder can assert a right directly").[1] Both are statutory rights of action in which a shareholder brings suit on the company's behalf after the company's Board of Directors rejects the shareholder's demand that the company bring suit itself. See Smolowe v. Delendo Corp., 136 F.2d 231, 241 (2d Cir. 1942), cert. denied, 320 U.S. 751 (1943) (noting similarities between 16(b) claims and ordinary derivative actions). Further, under both rights of action, the company is a nominal defendant and the beneficiary of any judgment. See Gryl v. Shire Pharm. Group, PLC, 298 F.3d 136 (2d Cir. 2002); American Standard, Inc. v. Crane Co., 510 F.2d 1043, 1060-61 (2d Cir. 1974), cert. denied, 400 U.S. 854 (1970).

In holding that the Automatic Stay applies to derivative suits, the Second Circuit has focused on the fact that the claim being asserted is property of the debtor-corporation's estate (see 11 U.S.C. § 541), and thus under the control of the bankruptcy Trustee (which, as defined in the Bankruptcy Code, includes a debtor-in-possession). See Mitchell Excavators, Inc., 734 F.2d at 131-132 (Automatic Stay applies to derivative suits because claim belongs to debtor-corporation). In the Second Circuit, therefore, a shareholder wishing to pursue a claim derivatively on behalf of the debtor-corporation must petition the Bankruptcy Court for an order requiring the Trustee to either pursue the claim or

---

[1] Some other Circuits seem to have reached a different conclusion, focusing on the fact that the company is only a nominal defendant. See, e.g., Walters v. First Tenn. Bank, N.A., 855 F.2d 267, 271 (6th Cir. 1988) (automatic stay does not apply because derivative action not "action against the debtor").

PaulHastings

The Honorable Christopher F. Droney
United States District Court
March 28, 2003
Page 3

abandon it. Id. Since a 16(b) claim, like a claim in a shareholder derivative suit, belongs to the debtor-corporation, FDIC v. American Bank Trust Shares, Inc., 558 F.2d 711, 716 (4th Cir. 1977), it follows that a 16(b) action should be treated in the same manner as a shareholder derivative suit with respect to the applicability of the Automatic Stay.

Respectfully,

John S. McGeeney
of PAUL, HASTINGS, JANOFSKY & WALKER LLP

Copies to:   Margaret E. Haering, Esq.
             Jack G. Fruchter, Esq.
             Mitchell M.Z. Twersky, Esq.
             Jeffrey S. Abraham, Esq.

STM/245506.3
03/28/03