**Mellon and Thomson Purchase iXL Securities**

35.     In or about August 1998, Mellon and Thomson purchased Class D Preferred Stock (the "Preferred Stock"). The original terms of the Preferred Stock, as set forth in the Company's certificate of incorporation and by-laws in effect at the time of the above purchase, do not provide for the conversion of the Preferred Stock into iXL common stock.

36.     Rather the Company's restated certificate of incorporation dated June 8, 1999, provided that at the time of the closing of the Company's IPO, the Preferred Stock would be reclassified as Common Stock. The number of shares the Preferred Stock holders would receive was determined by dividing the liquidation value of the Preferred Stock plus accrued dividends of 12% per year by the gross IPO price. The Preferred Stock holders were to receive a minimum of 3,722,502 shares of Common Stock.

37.     On or about June 8, 1999, the Company's completed its IPO and the Preferred Stock holders received 6,986,617 shares of Common Stock in exchange for their Preferred Stock.

38.     The acquisition of their respective percentage of the additional 3,264,115 shares of Common Stock by Mellon and Thomson in connection with the IPO constituted a purchase the Common Stock within the meaning of Section 16(b).

**Mellon's and Thomson's Sales of iXL Common Stock**

39.     The initial offering price of iXL's Common Stock to the public was significantly underpriced and as a result the closing price of the Common Stock on the day of the IPO was $17.875 after reaching a high of $24.50. The price of the Common Stock continued to rise reaching $42.00 within six months of the IPO. Today iXL's Common Stock trades at

9

approximately $0.42 per share. Nonetheless, the underpricing of the Common Stock allowed

Mellon and Thomson to profit handsomely on the shares it was allowed to acquire at the IPO price

from the immediate increase in the stock price.

40.    Within six months of this purchase, on or about on or about November 18, 1999, in

a secondary offering conducted by the Company, Mellon and Thomson sold respectively,

approximately151,110 and 542,573 shares of Common Stock at approximately $37.00 per share.

41.    These sales are matchable against the purchase alleged above which occurred

within six months of the sales. A $25.00 profit per share (the difference between a $37.00 sale

price per share less the $12.00 purchase price per share) multiplied by the respective number of

shares Mellon and Thomson are believed to have sold, as alleged above, yields profits of millions

of dollars. Accordingly, Mellon's and Thomson's profits are recoverable by iXL under Section

16(b).

## ALLEGATIONS AS TO DEMAND

42.    On August 8, 2001, plaintiff, acting through his counsel, wrote to the board of

directors of iXL demanding that it bring an action against the defendants based, inter alia, on the

facts alleged above.

43.    By letter dated October 2, 2001, the Company declined to recover the profits

alleged above or institute a lawsuit to recover those profits.

## BASIS FOR INFORMATION AND BELIEF

44.    The basis for plaintiff's information and belief to the extent not specified above is

based upon a review of documents filed with the SEC relating to iXL, including the following:

(i) Schedule 13D filed by General Electric with the SEC on or about June 18, 1999; (ii)

Prospectuses filed by iXL with the SEC on or about June 3, 1999 and February 3, 2000; (iii)

Forms S-1 filed by iXL with the SEC on or about February 8, 1999 and April 8, 1999; and (iv)

Form 10-K filed with the SEC by iXL on or about February 15, 2000.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against Defendants in an amount to be

determined at trial, attorneys' fees, pre-judgment interest, post-judgment interest and such other

and further relief as this Court may deem just and proper.

THE PLAINTIFF

By:_____
J. Daniel Sagarin
Elias A. Alexiades
David A. Slossberg
HURWITZ & SAGARIN, LLC
147 North Broad Street
Milford, Connecticut 06460
Telephone: 203-877-8000


OF COUNSEL:

Jack G. Fruchter
Mitchell M.Z. Twersky
FRUCHTER & TWERSKY
60 East 42nd Street, Suite 4700
New York, New York 10165
Telephone: (212) 687-6655

Jeffrey S. Abraham
ABRAHAM & PASKOWITZ
60 East 42nd Street, Suite 4700
New York, New York 10165
Telephone: (212) 692-0555

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

————————————————————x
                                          :
iXL ENTERPRISES, INC.,                    :        CASE #: 01:CV2051 (CFD)
                                          :
                          Plaintiff,      :
v.                                        :
                                          :
GE CAPITAL EQUITY                         :
INVESTMENTS, INC., ET AL,                 :
                          Defendants.     :
————————————————————x

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (hereinafter the "Stipulation"), entered into by and among

the plaintiff, iXL Enterprises, Inc., ("iXL") and the Defendants General Electric Capital

Corporation, General Electric Capital Assurance, General Electric Pension Trust, GE Capital

Equity Investments, Inc. (the "GE Defendants"), is made with respect to the following facts:

     A.     There is now pending an action entitled iXL Enterprises, Inc. v. GE Capital Equity

Investments, Inc., et al. (previously entitled Aron Rosenberg v. GE Capital Equity Investments,

Inc., et al.), filed in the United States District Court for the District of Connecticut where it bears

Civil Action Number 3:01 CV 2051 (CFD) (hereinafter the "Action").

     B.     It is the desire of each of the parties hereto to settle and compromise the Action

and all claims that exist between them relating thereto.

     NOW, THEREFORE, the parties hereto, for and in consideration of the covenants and

conditions hereinafter set forth do hereby agree as follows:

1. **SETTLEMENT OF CLAIMS**

Subject to and in accordance with the provisions of Section 9 hereof, within 10 days after full execution of the Stipulation, in full settlement of all claims alleged in the Action, the GE Defendants shall pay $175,000.00 to Scient, Inc.

2. **GENERAL RELEASE AND DISMISSAL OF THE ACTION**

2.1    iXL and the GE Defendants shall exchange general releases. Such releases shall be in the form of Exhibit A, attached hereto. This Stipulation and the attached Releases are intended to resolve all matters as between iXL and the GE Defendants which relate to the claims alleged in the Action.

2.2    Pursuant to Rule 41(a) of the Federal Rules of Civil Procedure, no later than ten days after the entry of an order of the Bankruptcy Court approving this Stipulation (such order of the Bankruptcy Court being made pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure), which order has become final and no longer subject to appeal, iXL and the GE Defendants shall cause to be signed a properly executed Stipulation of Dismissal of the Action as to the GE Defendants with prejudice, in the form of Exhibit B, attached hereto, which shall promptly be filed in the Action.

2.3    GE Defendants and each of their affiliates hereby waive and release any and all claims against Scient, Inc. and iXL and their estates and property.

3. **SUCCESSORS AND ASSIGNS**

This Stipulation shall be binding upon and shall inure to the benefit of the parties,

their heirs, successors and assigns.

4.    **COUNTERPARTS**

This Stipulation may be executed in counterparts.

5.    **ATTORNEY'S FEES**

If any legal action or other proceeding is brought for the enforcement of this Stipulation, the successful or prevailing party or parties shall be entitled to recover reasonable attorney's fees and other costs incurred in that action or other proceeding, in addition to any other relief to which it or they may be entitled.

6.    **GOVERNING LAW**

This Stipulation shall be governed by, interpreted under, and construed and enforced exclusively in accordance with the laws of the State of New York, without reference to that state's conflict of law principles.

7.    **NON-ADMISSION OF LIABILITY**

This Stipulation shall not in any way be construed as an admission by any of the parties of any liability or any violation of any law.

9.    **BANKRUPTCY COURT APPROVAL**

This Stipulation is subject to the approval of the United States Bankruptcy Court

for the Southern District of New York. Counsel for iXL shall seek such approval. The payment

called for in Section 1 hereunder shall be delivered to counsel for iXL and held in escrow until

the Bankruptcy Court has issued an order approving the Stipulation and such order has become

final and no longer subject to appeal, and iXL shall have executed and delivered to the GE

Defendants the Stipulation of Dismissal of the Action referred to in Section 2.2 hereof and the

Release referred to in Section 2.1 hereof.

WHEREUPON this Stipulation is executed by the undersigned:

iXL ENTERPRISES, INC.,

By: _____
     Douglas S. Skalka (CT 00616)
     James A. Lenes (CT 10408)
     Neubert, Pepe & Monteith, P.C.
     Its Attorneys
     195 Church Street, 13th Floor
     New Haven, CT 06510
     Telephone No.: 203-821-2000

     GENERAL ELECTRIC CAPITAL
     CORPORATION, GENERAL ELECTRIC
     CAPITAL ASSURANCE, GENERAL ELECTRIC
     PENSION TRUST, and GE CAPITAL EQUITY
     INVESTMENTS, INC.

By: _____

    John S. McGeeney
    James R. Bliss
    Paul, Hastings, Janofsky & Walker
    Their Attorneys
    1055 Washington Blvd., 9th Fl.
    Stamford, CT 06901
    Telephone No.: 203-961-7400

# **EXHIBIT A**

Releases

## FULL AND FINAL RELEASE

FOR AND IN CONSIDERATION OF payment of the sum of $10.00, and other good and valuable consideration, the undersigned, on behalf of **iXL Enterprises, Inc.** has released and discharged, and by these presents do so for iXL Enterprises, Inc., its successors, assigns, and affiliates, release, acquit and forever discharge General Electric Capital Corporation, General Electric Capital Assurance, General Electric Pension Trust, GE Capital Equity Investments, Inc. (collectively the "GE Defendants"), their trustees, administrators, executors, successors, assigns, attorneys and agents from any and all actions, causes of action, claims or demands for damages, costs, loss of services, expenses, compensation, or consequential damage, including any thing whatsoever on account of, or in any way growing out of, or in any way connected to the claims alleged in the lawsuit known as iXL Enterprises, Inc. v. GE Capital Equity Investments, Inc., et al. (previously entitled Aron Rosenberg v. GE Capital Equity Investments, Inc., et al.), filed in the United States District Court for the District of Connecticut where it bears Civil Action Number 3:01 CV 2051 (CFD).


 

 

 

 

 

<div style="margin-left:50%">

_____

**iXL Enterprises, Inc.**

By:

Its:

</div>

STATE OF NEW YORK      )

                                   )    ss:

COUNTY OF                )

      On this the ____ day of _____, 2003, before me, _____, the undersigned officer, personally appeared _____, who acknowledged ____self to be the _____ of iXL Enterprises, Inc., and that   he as such officer being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing the name of such corporation by _____self as _____.


 

 

<div style="margin-left:50%">

_____

Notary Public

My Commission Expires:

</div>

## FULL AND FINAL RELEASE

FOR AND IN CONSIDERATION OF payment of the sum of $10.00, and other good and valuable consideration, the undersigned, on behalf of **General Electric Capital Assurance**, has released and discharged, and by these presents do so for General Electric Capital Assurance, its successors, assigns, and affiliates, release, acquit and forever discharge, iXL Enterprises, Inc., their trustees, administrators, executors, successors, assigns, attorneys and agents from any and all actions, causes of action, claims or demands for damages, costs, loss of services, expenses, compensation, or consequential damage, including any thing whatsoever on account of, or in any way growing out of, or in any way connected to the claims alleged in the lawsuit known as iXL Enterprises, Inc. v. GE Capital Equity Investments, Inc., et al. (previously entitled Aron Rosenberg v. GE Capital Equity Investments, Inc., et al.), filed in the United States District Court for the District of Connecticut where it bears Civil Action Number 3:01 CV 2051 (CFD).


_____
**General Electric Capital Assurance**
By:
Its:


STATE OF CONNECTICUT          )
                              )      ss:
COUNTY OF                     )

On this the _____ day of _____, 2003, before me, _____, the undersigned officer, personally appeared _____, who acknowledged _____ self to be the _____ of General Electric Capital Assurance, and that   he as such officer being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing the name of such corporation by _____ self as _____.


_____
Notary Public
My Commission Expires:

## FULL AND FINAL RELEASE

FOR AND IN CONSIDERATION OF payment of the sum of $10.00, and other good and valuable consideration, the undersigned, on behalf of **General Electric Pension Trust**, has released and discharged, and by these presents do so for General Electric Pension Trust, its successors, assigns, and affiliates, release, acquit and forever discharge, iXL Enterprises, Inc., their trustees, administrators, executors, successors, assigns, attorneys and agents from any and all actions, causes of action, claims or demands for damages, costs, loss of services, expenses, compensation, or consequential damage, including any thing whatsoever on account of, or in any way growing out of, or in any way connected to the claims alleged in the lawsuit known as <u>iXL Enterprises, Inc. v. GE Capital Equity Investments, Inc., et al.</u> (previously entitled <u>Aron Rosenberg v. GE Capital Equity Investments, Inc., et al.</u>), filed in the United States District Court for the District of Connecticut where it bears Civil Action Number 3:01 CV 2051 (CFD).


                                                _____

                                                **General Electric Pension Trust**
                                                By:
                                                Its:


STATE OF CONNECTICUT      )
                                )    ss:
COUNTY OF                )

        On this the _____ day of _____, 2003, before me, _____, the undersigned officer, personally appeared _____, who acknowledged _____self to be the _____ of General Electric Pension Trust, and that he as such officer being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing the name of such corporation by _____self as _____.


                                                _____
                                                Notary Public
                                                My Commission Expires:

## FULL AND FINAL RELEASE

FOR AND IN CONSIDERATION OF payment of the sum of $10.00, and other good and valuable consideration, the undersigned, on behalf of **GE Capital Equity Investments, Inc.** has released and discharged, and by these presents do so for GE Capital Equity Investments, Inc., its successors, assigns, and affiliates, release, acquit and forever discharge, iXL Enterprises, Inc., their trustees, administrators, executors, successors, assigns, attorneys and agents from any and all actions, causes of action, claims or demands for damages, costs, loss of services, expenses, compensation, or consequential damage, including any thing whatsoever on account of, or in any way growing out of, or in any way connected to the claims alleged in the lawsuit known as iXL Enterprises, Inc. v. GE Capital Equity Investments, Inc., et al. (previously entitled Aron Rosenberg v. GE Capital Equity Investments, Inc., et al.), filed in the United States District Court for the District of Connecticut where it bears Civil Action Number 3:01 CV 2051 (CFD).


                                              _____

                                              **GE Capital Equity Investments, Inc.**
                                              By:
                                              Its:


STATE OF CONNECTICUT        )
                                    )    ss:
COUNTY OF                   )

On this the \_\_\_\_ day of _____, 2003, before me, _____, the undersigned officer, personally appeared _____, who acknowledged \_\_\_\_self to be the _____ of GE Capital Equity Investments, Inc., and that he as such officer being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing the name of such corporation by \_\_\_\_\_self as _____.


                                                _____

                                                Notary Public
                                                My Commission Expires:

## FULL AND FINAL RELEASE

FOR AND IN CONSIDERATION OF payment of the sum of $10.00, and other good and valuable consideration, the undersigned, on behalf of **General Electric Capital Corporation** has released and discharged, and by these presents do so for General Electric Capital Corporation, its successors, assigns, and affiliates, release, acquit and forever discharge, iXL Enterprises, Inc., their trustees, administrators, executors, successors, assigns, attorneys and agents from any and all actions, causes of action, claims or demands for damages, costs, loss of services, expenses, compensation, or consequential damage, including any thing whatsoever on account of, or in any way growing out of, or in any way connected to the claims alleged in the lawsuit known as iXL Enterprises, Inc. v. GE Capital Equity Investments, Inc., et al. (previously entitled Aron Rosenberg v. GE Capital Equity Investments, Inc., et al.), filed in the United States District Court for the District of Connecticut where it bears Civil Action Number 3:01 CV 2051 (CFD).


————————————————————————

**General Electric Capital Corporation**
By:
Its:


STATE OF CONNECTICUT          )
                             )    ss:
COUNTY OF                     )

On this the ____ day of _____, 2003, before me, _____,
the undersigned officer, personally appeared _____, who
acknowledged ____self to be the _____ of General Electric
Capital Corporation, and that  he as such officer being authorized so to do, executed the
foregoing instrument for the purposes therein contained, by signing the name of such corporation
by ____self as _____.


————————————————————————

Notary Public
My Commission Expires:

# **EXHIBIT B**

Stipulation of Dismissal

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

———————————————————x
                                              :
iXL ENTERPRISES, INC.,                        :        CASE #: 01:CV2051 (CFD)
                                              :
                          Plaintiff,          :
v.                                            :
                                              :
GE CAPITAL EQUITY                             :
INVESTMENTS, INC., ET AL,                     :
                          Defendants.         :
———————————————————x

## STIPULATION OF DISMISSAL

Pursuant Rule 41(a) of the Federal Rules of Civil Procedure, the Plaintiff, iXL

Enterprises, Inc., and the Defendants General Electric Capital Corporation, General Electric

Capital Assurance, General Electric Pension Trust, and GE Capital Equity Investments, Inc.,

stipulate and agree that this action may be dismissed, with prejudice and without cost to any

party.

iXL ENTERPRISES, INC.,

By: _____
     Douglas S. Skalka (CT 00616)
     James A. Lenes (CT 10408)
     Neubert, Pepe & Monteith, P.C.
     Its Attorneys
     195 Church Street, 13th Floor
     New Haven, CT 06510
     Telephone No.: 203-821-2000

GENERAL ELECTRIC CAPITAL
CORPORATION, GENERAL ELECTRIC
CAPITAL ASSURANCE, GENERAL ELECTRIC
PENSION TRUST, and GE CAPITAL EQUITY
INVESTMENTS, INC.


By: _____
      John S. McGeeney
      James R. Bliss
      Paul, Hastings, Janofsky & Walker
      Their Attorneys
      1055 Washington Blvd., 9th Fl.
      Stamford, CT 06901
      Telephone No.: 203-961-7400

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x
                                      :

In re:                            :      Chapter 11
                                        :

SCIENT, INC., et al.,               :      Case Nos. 02-13455
                                        :      through 02-13458 (AJG)
                    Debtors.    :

                                        :      (Jointly Administered)
------------------------------------------------------- x

## <u>ORDER APPROVING COMPROMISE AND SETTLEMENT</u>

This matter having come before the Court upon the Motion for the Entry of an Order

Approving a Compromise and Settlement dated December 30, 2003 (the "Motion") of Scient,

Inc., Scient Enterprises, Inc., iXL Enterprises, Inc., and iXL, Inc. (collectively, the "Debtors"),

and the Court having reviewed the Motion; and it appearing that notice of the Motion was good

and sufficient under the particular circumstances and that no other or further notice need be

given; and the Court having considered the arguments of counsel at the hearing held on January

28, 2004 (the "Hearing") and upon the record of the Hearing and after due deliberation thereon

and good cause appearing therefor, it is hereby **ORDERED THAT:**

In accordance with the Stipulation of Settlement, attached to the Motion as Exhibit B, the

Debtors may compromise and settle claims held by the debtor iXL Enterprises, Inc. ("iXL")

against GE Capital Equity Investments, Inc., General Electric Pension Trust, General Electric

Capital Corporation, and General Electric Capital Assurance (collectively, the "GE Defendants")

as stated in an action entitled iXL Enterprises, Inc. v. GE Capital Equity Investments, Inc., et al.

(previously entitled Aron Rosenberg v. GE Capital Equity Investments, Inc., et al.) pending in

the United States District Court for the District of Connecticut where it bears Civil Action

Number 3:01 CV 2051 (CFD).


Dated: January __, 2004
      New York, New York


                                              _____

                                              HONORABLE ARTHUR J. GONZALEZ
                                              UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------- x
                                               :
In re:                                         :        Chapter 11
                                               :
SCIENT, INC., et al.,                          :        Case Nos. 02-13455
                                               :        through 02-13458 (AJG)
                              Debtors.         :
                                               :        (Jointly Administered)
------------------------------------------------------- x

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing

Motion For the Entry of an Order Approving a Compromise and Settlement, filed by

Neubert, Pepe & Monteith, P.C., Special Litigation Counsel to the Debtors, was served

via U.S. mail, postage prepaid, upon the following parties this 30th day of December,

2003:

David Wood, President
Scient, Inc., and Its Related Debtors
405 Lexington Avenue, 26th Floor
New York, NY 10174

Richard Morrissey, Esq.
Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, NY 10004-1480

Jeffrey S. Sabin, Esq.
Schulte Roth & Zabel
919 Third Avenue
New York, NY 10022

## CERTIFICATION

This is to certify that the attached has been sent via first-class United States mail, postage prepaid, on January 29, 2004 to:

John S. McGeeney
James R. Bliss
Paul, Hastings, Janofsky & Walker
1055 Washington Blvd., 9th Fl.
Stamford, CT 06901

Robert A. Horowitz
Greenberg Traurig, LLP
885 Third Ave.
21st Floor
New York, NY 10022

J. Daniel Sagarin
David A. Slossberg
Hurwitz & Sagarin
147 North Broad Street
P.O. Box 112
Milford, CT 06460-0112

Jeffrey Abraham
Abraham & Associates
One Penn Plaza
New York, NY 10019

Jack G. Fruchter
Fruchter & Twersky
One Penn Plaza
New York, NY 10019

By: _____
    Douglas S. Skalka