# ABRAHAM,
# FRUCHTER,
# & TWERSKY, LLP

February 19, 2004

**By Federal Express**

Hon. Christopher F. Droney
U. S. District Court, District of Connecticut
450 Main Street
Hartford, CT 06103

      Re:    *Rosenberg v. GE Capital Corp., at al.*, 3:01-cv-02051-CFD (D. Conn.)

Dear Judge Droney:

    I write in response to Mr. McGeeney's February 17, 2004 letter.

    *Gollust v. Mendell*, 501 U.S. 115 (1991), is the controlling case on standing to sue in Section 16(b) actions. There, the Supreme Court held that the statutory standing requirement that a plaintiff must be "the owner of any security of the issuer" (15 U.S.C. §78p(b)) applies only to the time the lawsuit is instituted. After that time, the plaintiff is only required to have some minimum financial interest in the potential outcome of the lawsuit. However, there is ***no requirement*** that the pecuniary interest be as an owner of any security of the issuer.. *Id*. 501 U.S. at 126-28. Indeed, in *Gollust* itself, although the plaintiff no longer owned a security of the issuer, he was still permitted to maintain standing.

    However, even though current ownership of a security is not required in order to maintain standing, the assertion that the unsecured debt Mr. Rosenberg purchased, and now owns, is not a "security", within the meaning of Section 3(a)(10) of the Securities Exchange Act of 1934 (15 U.S.C. §78c(a)(10)) is also highly questionable. To the contrary, here, unsecured creditors such as Mr. Rosenberg will not know the amount to be distributed to them until the winding up of iXL Enterprise's bankruptcy estate making the unsecured claim very different from an ordinary note or commercial indebtedness. Indeed, *Reeves v. Ernst & Young*, 494 U.S. 56 (1990), the lone case cited, actually held that the demand notes at issue ***were*** securities.

    There is also no merit to the assertion that Mr. Rosenberg somehow lost standing in this action. No final plan of reorganization has ever been submitted in the bankruptcy court. Nor has there ever been a final determination of the validity of the claims asserted by various claimants in the bankruptcy proceedings. It is not unheard of for equity holders to receive some equity in a

One Penn Plaza, Suite 1910 ● New York, N.Y. 10119-1910
Telephone: (212) 279-5050 ● Fax: (212) 279-3655

February 19, 2004
Page 2

newly formed entity or some payment in connection with a bankruptcy reorganization even where the reported liabilities vastly exceed the reported assets.

Even if somehow the GE Defendants were correct on all these points - - which they are not - - Mr. McGeeney's letter ignores that the Supreme Court has squarely held that even absent formal intervention, a person has a right to object to a settlement which will potentially impair his (or her) financial interest. *See Delvin v. Scardeletti*, 536 U.S. 1 (2002). Here, at the very least, Rosenberg's ownership of an unsecured claim in iXL Enterprises unquestionably gives him such a financial interest.

Finally, curiously absent from all these proceedings has been even the barest attempt to demonstrate the intrinsic fairness of this settlement of *a penny on the dollar* to this Court based upon the well-settled factors enumerated by the Second Circuit in *City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 455 (2d Cir. 1974). Nor, have defendants squarely addressed whether their penny on the dollar settlement furthers "the congressional purpose to cause disgorgement of short-swing trading profits by corporate insiders in favor of the corporation of which they are fiduciaries, even when the corporation is unwilling to prosecute such a suit and a derivative plaintiff brings suit instead." *See Levy v. General Electric Capital Corp.*, 2001 U.S. Dist. LEXIS 13099 (S.D.N.Y. Aug. 30, 2001) (Hellerstein, J.). The reason is simple - - *the proposed settlement is completely and utterly indefensible*. Accord *Mirfasihi v. Fleet Mortgage Corp.*, 2004 U.S. App. LEXIS 1326 at *6 (7th Cir. Jan. 29, 2004) (Posner, C.J.) ("The idea that a rational fiduciary would surrender a claim worth $ 35 million in exchange for the satisfaction of knowing that his wrongdoer had been forced to pay $ 243,000 to members of another class staggers the imagination.").

Respectfully submitted,

Jeffrey S. Abraham

cc: John McGeeney, Esq.
Douglas Skalka, Esq.
Daniel Sagarin, Esq.