**ABRAHAM,
FRUCHTER,
& TWERSKY, LLP**

February 19, 2004

*By Federal Express*

Hon. Christopher F. Droney
U. S. District Court, District of Connecticut
450 Main Street
Hartford, CT 06103

        Re:    *Rosenberg v. GE Capital Corp., at al.*, 3:01-cv-02051-CFD (D. Conn.)

Dear Judge Droney:

    I write in response to Mr. McGeeney's February 17, 2004 letter.

    *Gollust v. Mendell*, 501 U.S. 115 (1991), is the controlling case on standing to sue in Section 16(b) actions. There, the Supreme Court held that the statutory standing requirement that a plaintiff must be "the owner of any security of the issuer" (15 U.S.C. §78p(b)) applies only to the time the lawsuit is instituted. After that time, the plaintiff is only required to have some minimum financial interest in the potential outcome of the lawsuit. However, there is *no requirement* that the pecuniary interest be as an owner of any security of the issuer.. *Id.* 501 U.S. at 126-28. Indeed, in *Gollust* itself, although the plaintiff no longer owned a security of the issuer, he was still permitted to maintain standing.

    However, even though current ownership of a security is not required in order to maintain standing, the assertion that the unsecured debt Mr. Rosenberg purchased, and now owns, is not a "security" within the meaning of Section 3(a)(10) of the Securities Exchange Act of 1934 (15 U.S.C. §78c(a)(10)) is also highly questionable. To the contrary, here, unsecured creditors such as Mr. Rosenberg will not know the amount to be distributed to them until the winding up of iXL Enterprise's bankruptcy estate making the unsecured claim very different from an ordinary note or commercial indebtedness. Indeed, *Reeves v. Ernst & Young*, 494 U.S. 56 (1990), the lone case cited, actually held that the demand notes at issue *were* securities.

    There is also no merit to the assertion that Mr. Rosenberg somehow lost standing in this action. No final plan of reorganization has ever been submitted in the bankruptcy court. Nor has there ever been a final determination of the validity of the claims asserted by various claimants in the bankruptcy proceedings. It is not unheard of for equity holders to receive some equity in a

One Penn Plaza, Suite 1910 ● New York, N.Y. 10119-1910
Telephone: (212) 279-5050 ● Fax: (212) 279-3655

[Handwritten margin note: The Clerk shall docket this letter and include it in the court's file. So ordered. Christopher F. Droney, United States District Judge. 02/26/04]