# MANDATE

DC/NEW HAVEN
01-CV-2051
HON. DRONEY

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 1st day of February, Two Thousand Six.

PRESENT:  HONORABLE REENA RAGGI,
          HONORABLE PETER W. HALL,
                    *Circuit Judges,*
          HONORABLE EDWARD R. KORMAN,
                    *District Judge.*[1]

-------------------------------------------------

IXL ENTERPRISES, INC.,
          *Plaintiff-Appellee*

ARON ROSENBERG,
          *Plaintiff-Appellant,*

          v.                                    No. 05-2104-cv

GE CAPITAL CORP., GENERAL ELECTRIC
CAPITAL ASSURANCE, GENERAL ELECTRIC
PENSION TRUST, MELLON VENTURES, II LP,
THOMSON US, INC., and GE CAPITAL EQUITY
INVESTMENTS, INC.,
          *Defendants-Appellees.*

-------------------------------------------------

FILED FEB - 1 2006 (UNITED STATES COURT OF APPEALS, SECOND CIRCUIT, Roseann B. MacKechnie, Clerk)

---

[1] The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

ISSUED AS MANDATE: FEB 2 2 2006

| | | |
|---|---|---|
| APPEARING FOR APPELLANT: | | JEFFREY S. ABRAHAM, Abraham Fruchter & Twersky, New York, New York |
| APPEARING FOR APPELLEES: | | JAMES A. LENES, Neubert, Pepe & Monteith, P.C., New Haven, Connecticut, *for Plaintiff-Appellee* iXL Enterprises, Inc. |
| | | JAMES R. BLISS (John S. McGeeney *on the brief*), Paul, Hastings, Janofsky & Walker, Stamford, Connecticut, *for Defendants-Appellees* GE Capital Corp., General Electric Capital Assurance, General Electric Pension Trust, and GE Capital Equity Investments, Inc. |

On appeal from the United States District Court for the District of Connecticut (Christopher R. Droney, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the district court, entered on March 31, 2005, is AFFIRMED.

Aron Rosenberg appeals from the district court's denial of two motions: (1) pursuant to Fed. R. Civ. P. 60(b), to set aside an order substituting appellee iXL Enterprises, Inc. ("iXL") for Rosenberg as the named plaintiff in a derivative action brought under Section 16(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78p(b); see Gryl ex rel. Shire Pharms. Group Plc v. Shire Pharms. Group Plc, 298 F.3d 136, 139-40 (2d Cir. 2003) (referring to an action under 16(b) as a "stockholder derivative action"); and (2) pursuant to Fed. R. Civ. P. 24(a)(2) to intervene in that same securities action. We assume the parties' familiarity with the facts and procedural history, which we reference only as necessary to explain our decision.

2

### 1. The Denial of the Rule 60(b) Motion

Rule 60(b) of the Federal Rules of Civil Procedure allows a district court, in certain circumstances, to grant relief from a previously issued order. Generally, we review a district court's denial of a motion under Rule 60(b) for an abuse of discretion. See <u>Burda Media, Inc. v. Viertel</u>, 417 F.3d 292, 298 (2d Cir. 2005). Rosenberg submits that <u>de novo</u> review is warranted when a Rule 60(b) motion is predicated on an alleged legal error in the underlying order. We need not decide this question because, even if we apply <u>de novo</u> review to the district court's denial of Rule 60(b) relief, we find no error.

Preliminary to discussing the merits of Rosenberg's appeal, we identify two procedural hurdles that Rosenberg must clear to pursue this appeal. <u>First</u>, Rosenberg must demonstrate that his Rule 60(b)(1) claim of legal error in the substitution order was not defaulted in the district court. See <u>iXL Enters. v. GE Capital Corp</u>, 2005 U.S. Dist. LEXIS 5084, at *6-7 (S.D.N.Y. March 31, 2005) (citing Local R. Civ. P. D. Conn. 7(a)(2) and holding that Rosenberg's claim of legal error was waived because it was first presented in a reply brief); <u>Singleton v. Wulff</u>, 428 U.S. 106, 120 (1976) (noting general rule that "a federal appellate court does not consider an issue not passed upon below"). <u>Second</u>, Rosenberg must demonstrate that his Rule 60(b) motion, filed almost five months after the order of substitution was brought within a "reasonable amount of time." See Fed. R. Civ. P. 60(b). We do not address these procedural issues, however, because, even if we were to resolve them in Rosenberg's favor, his appeal would fail on the merits.

3

Rosenberg argues that, in this derivative action to recover short-swing profits allegedly realized by the defendants-appellees, the district court committed legal error by substituting iXL for Rosenberg because Section 16(b) of the Exchange Act does not authorize any such substitution. The argument is flawed in two respects. First, nothing in Section 16(b) precludes substitution. Second, and more importantly, it is undisputed that, shortly before the challenged substitution, iXL filed for bankruptcy protection and was, therefore, a debtor in possession. Pursuant to Section 541 of the Bankruptcy Code, 11 U.S.C. § 541, the corporate debtor in possession is properly substituted for an individual shareholder as the plaintiff in a derivative action because Section 541 renders all of the debtor's causes of action the exclusive property of the bankruptcy estate. See Pepper v. Litton, 308 U.S. 295, 306-07 (1939) (holding that, while fiduciary obligations are generally "enforceable directly by the corporation, or through a stockholder's derivative action, it is, in the event of the bankruptcy of the corporation, enforceable by the trustee"); Mitchell Excavators, Inc. v. Mitchell, 734 F.2d 129, 131-32 (2d Cir. 1984) ("Under section 70(a) of the Bankruptcy Act of 1898, the trustee succeeded to any right of action that the debtor corporation may have had to recover damages – either directly or by means of a derivative action.... The Bankruptcy Reform Act of 1978 did not change this structure in significant ways...."); see also Kalb, Voorhis & Co. v. Am. Fin. Corp., 8 F.3d 130, 132 n.1 (2d Cir. 1993) (holding that, under 11 U.S.C. § 1107(a), "debtors-in-possession and ... trustees have essentially the same rights, powers, and duties"). Although the Bankruptcy Code provides that a shareholder may, in

4

1   limited circumstances, pursue a derivative action on behalf of the bankrupt, "some

2   proceeding in the bankruptcy court must take place before a shareholder can assert the right

3   directly." <u>Mitchell Excavators, Inc. v. Mitchell</u>, 734 F.2d at 132 (citations omitted).[2]

4   Rosenberg does not assert that he has ever pursued any such proceedings in the

5   bankruptcy court, let alone received permission from it to pursue a derivative action. Under

6   these circumstances, Rosenberg fails to demonstrate any legal error in the district court's

7   order substituting iXL for Rosenberg.

8   We similarly reject Rosenberg's assertion that the district court should have granted

9   his motion under Rule 60(b)(6) because the "entire procedure [of substituting iXL as

10  plaintiff] was done under the maximum amount of secrecy so that GE could buy its way out

11  of liability for a mere penny on the dollar." Rosenberg's characterization of the proceeding

12  lacks record support. Rosenberg concedes that the substitution motion was publicly filed and

13  served on his local counsel. Thus, Rosenberg's ignorance of the substitution motion appears

14  to have been a product of the combined inattention of his local and primary counsel, not the

15  actions of defendants-appellees. Further, as already noted, once iXL declared bankruptcy,

---

1   [2] That Rosenberg filed his action prior to iXL's filing for bankruptcy protection is
2   irrelevant to the operations of the bankruptcy statutes. Under Section 541 of the Bankruptcy
3   Code, the cause of action to recover short-swing profits became the exclusive "property" of
4   the debtor-in-possession (<u>i.e.</u>, iXL) at the moment iXL filed for bankruptcy protection. At
5   that moment, Rosenberg, as one of iXL's creditors, <u>see</u> App. Br. at 25, was stripped of all his
6   rights to that property. As our decision in <u>Mitchell Excavators</u> clearly held, this precluded
7   Rosenberg from continuing to pursue his derivative action without receiving permission from
8   the bankruptcy court. <u>See</u> 11 U.S.C. § 554.

Rosenberg was precluded by Section 541 of the Bankruptcy Code from pursuing a derivative action on behalf of that corporation without the permission of the bankruptcy court – permission that he has not obtained. At the very least, it was not an abuse of discretion for the district court to determine that these circumstances did not qualify as sufficiently "extraordinary" to warrant relief under Rule 60(b)(6). See State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 177 (2d Cir. 2004) (noting that courts routinely deny Rule 60(b) motions when party fails to show that it acted with diligence).

2.  The Denial of the Motion to Intervene

Rule 24(a)(2) of the Federal Rules of Civil Procedure allows for permissive intervention. We review a district court's denial of permissive intervention under a "particularly deferential" abuse of discretion standard. United States v. City of New York, 198 F.3d 360, 367 (2d Cir. 1999). For much the same reason that the district court's order of substitution was not legally erroneous, we conclude that its denial of Rosenberg's motion to intervene was not an abuse of discretion: Section 541 of the Bankruptcy Code does not authorize Rosenberg's direct involvement in the derivative action without first procuring permission from the bankruptcy court. See Mitchell Excavators, Inc. v. Mitchell, 734 F.2d at 132 ("As should be clear from our discussion, any further proceedings related to appellant's attempt to bring an action against the appellees should take place, in the first instance, in the bankruptcy court."); see also In re Certain Underwriter, 294 F.3d 297, 302 (2d Cir. 2002) (holding that an appellate court may affirm for any reason supported by the

1   record).

2   The district court's March 31, 2005 order is hereby AFFIRMED.

FOR THE COURT:
ROSEANN B. MACKECHNIE, CLERK

*Lucille Carr*

By: _____

A TRUE COPY
Roseann B. MacKechnie, CLERK
by: _____
DEPUTY CLERK