UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| ─────────────────────────────── x | : |  |
| iXL ENTERPRISES, INC., | : | CASE NO.: 01:CV2051 (CFD) |
| Plaintiff | : |  |
| v. | : |  |
|  | : |  |
| GE CAPITAL EQUITY | : |  |
| INVESTMENTS, INC., ET AL., | : |  |
| Defendant | : |  |
| ─────────────────────────────── x |  |  |

**STATUS REPORT OF COUNSEL**

Plaintiff, iXL Enterprises, Inc. ("Plaintiff" or "iXL"), by its counsel, Neubert, Pepe & Monteith, P.C. (by Louis J. Testa, Esq.) hereby submits the following report on the status of this case, pursuant to order of the Court on September 12, 2006.

1.   On February 1, 2006, a Summary Order was entered by the United States Court of Appeals for the 2nd Circuit, affirming the order of the District Court entered on March 31, 2005 which denied two (2) Motions filed by Aron Rosenberg in this case, to wit: (1) pursuant to Fed. R. Civ. P. 60(b) seeking to set aside an order of this Court substituting iXL Enterprises, Inc. for Rosenberg as the main plaintiff in this action, and (2) pursuant to Fed. R. Civ. P. 24(a)(2) to intervene in this action. ("Order Denying Appeal").

2.   After substitution of iXL Enterprises, Inc. as plaintiff in this case on September 8, 2003, the plaintiff and defendants, GE Capital Investments, Inc., General Electric Pension Trust, General Electric Capital Corporation and General Electric Capital Assurance Company (collectively, the "GE Defendants"), undertook settlement negotiations resulting in a proposed stipulation of settlement ("Initial Settlement").

3.  Plaintiff, as one of the debtors in an action presently pending in United States Bankruptcy Court for the Southern District of New York entitled In re: Scient, Inc., et al. (Chapter 11), Case Nos. 02-13455 – 02-13458 (Jointly Administered) ("Bankruptcy Case"), was required to obtain the approval of the initial settlement from the Bankruptcy Court pursuant to Rule 9019(a) Fed. R. Bankr. P.

4.  By way of Motion dated December 30, 2003 ("The First Motion") the plaintiff sought approval of the Initial Settlement in the Bankruptcy Case.

5.  Following various discussions with the GE Defendants and the Creditors' Committee appointed in the Bankruptcy Case, and in light of various objections raised by Rosenberg and the pendency of the Rosenberg Appeal before the Second Circuit (see above), the First Motion was voluntarily withdrawn by the Debtor on October 20, 2005.

6.  After the entry of the Order Denying Appeal, iXL entered into new settlement negotiations with the GE Defendants.

7.  As a result of the renewed negotiations between the parties, a revised settlement between the plaintiff and the GE Defendants is being pursued in an aggressive fashion ("The Settlement"), but is not final.

8.  Succinctly, The Settlement currently provides for a cash payment to be made to the debtors' estate that is $300,000 more than was contained in the Initial Settlement.

9.  As of this date, the parties have prepared and are close to filing a motion in the Bankruptcy Case for approval of The Settlement as required under Rule 9019(a) Fed. R. Bankr. P. ("The Second Motion").

10. Subject to approval of this Court and except for outstanding subpoenas to

3

third parties for production of documents pursuant to Rule 45(a)(2(c) F. R. Civ. P., the parties have agreed to suspend further discovery or other activity pending the Plaintiff's attempt to procure approval of the Second Motion.

Respectfully submitted this 26th day of September, 2006.

New Haven, Connecticut.

                        PLAINTIFF,
                        iXL ENTERPRISES, INC.

By:  /s/ Louis J. Testa
      Louis J. Testa (ct22342)
      Neubert, Pepe & Monteith, P.C.
      Its Attorney
      195 Church Street, 13th Floor
      New Haven, CT 06510
      Telephone No.: 203-821-2000