UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------x
:
iXL ENTERPRISES, INC.,                          :   CASE NO.: 01:CV2051 (CFD)
                Plaintiff         :
                                  :
v.                                              :
                                  :
GE CAPITAL EQUITY                               :
INVESTMENTS, INC., ET AL.,                      :
                Defendant         :
------------------------------------------------x

## STATUS REPORT OF COUNSEL

Plaintiff, iXL Enterprises, Inc. ("Plaintiff" or "iXL"), by its counsel, Neubert, Pepe & Monteith, P.C. (by Louis J. Testa, Esq.) hereby submits the following report on the status of this case, pursuant to order of the Court on September 12, 2006.

1.    On September 26, 2006, Plaintiff filed a first status report as ordered by the Court ("First Report").

2.    On November 1, 2006 Plaintiff filed a Second Status Report ("Second Report").

3.    The following is Plaintiff's third status report.

4.    On February 1, 2006, a Summary Order was entered by the United States Court of Appeals for the 2nd Circuit, affirming the order of the District Court entered on March 31, 2005 which denied two (2) Motions filed by Aron Rosenberg in this case, to wit: (1) pursuant to Fed. R. Civ. P. 60(b) seeking to set aside an order of this Court substituting iXL Enterprises, Inc. for Rosenberg as the main plaintiff in this action, and (2) pursuant to Fed. R. Civ. P. 24(a)(2) to intervene in this action. ("Order Denying Appeal").

5. After substitution of iXL Enterprises, Inc. as plaintiff in this case on September 8, 2003, the plaintiff and defendants, GE Capital Investments, Inc., General Electric Pension Trust, General Electric Capital Corporation and General Electric Capital Assurance Company (collectively, the "GE Defendants"), undertook settlement negotiations resulting in a proposed stipulation of settlement ("Initial Settlement").

6. Plaintiff, as one of the debtors in an action presently pending in United States Bankruptcy Court for the Southern District of New York entitled In re: Scient, Inc., et al. (Chapter 11), Case Nos. 02-13455 – 02-13458 (Jointly Administered) ("Bankruptcy Case"), was required to obtain the approval of the initial settlement from the Bankruptcy Court pursuant to Rule 9019(a) Fed. R. Bankr. P.

7. By way of Motion dated December 30, 2003 ("The First Motion") the plaintiff sought approval of the Initial Settlement in the Bankruptcy Case.

8. Following various discussions with the GE Defendants and the Creditors' Committee appointed in the Bankruptcy Case, and in light of various objections raised by Rosenberg and the pendency of the Rosenberg Appeal before the Second Circuit (see above), the First Motion was voluntarily withdrawn by the Debtor on October 20, 2005.

9. After the entry of the Order Denying Appeal, iXL entered into new settlement negotiations with the GE Defendants.

10. As a result of the renewed negotiations between the parties, a revised settlement between the Plaintiff and the GE Defendants has been reached subject to approval by the Court in the Bankruptcy Case. ("The Settlement").

11. Succinctly, The Settlement provides for a cash payment to be made by the GE Defendants to the debtors' estates in the amount of $475,000 (the "Settlement

Amount") together with the exchange of appropriate releases between the parties.

12.  The Settlement Amount is $300,000 more than was contained in the Initial Settlement.

13.  On October 27, 2006 the Plaintiff filed a motion in the Bankruptcy Case entitled "Debtor's Motion for Approval of a Compromise and Settlement with GE Capital Equity Investments, Inc., General Electric Pension Trust, General Electric Capital Corporation and Genworth Life Insurance Company (f/k/a General Electric Capital Assurance Company) Pursuant to Rule 9019(a) Fed. R. Bankr. P." ("Motion to Compromise") together with supporting affidavits and declarations.

14.  Contemporaneous with the filing of the Motion to Compromise, Plaintiff filed a motion in the Bankruptcy Case seeking, among other things, an order scheduling the hearing on the Motion to Compromise to be held on November 22, 2006 ("Scheduling Motion").

15.  On October 30, 2006 the Bankruptcy Court entered an order ("Scheduling Order") granting the Scheduling Motion.

16.  On October 30, 2006, Plaintiff completed service of the Motion to Compromise and all related documents as required under the terms and provisions of the Scheduling Order.

17.  Pursuant to the terms and provisions of the Scheduling Order an initial hearing to approve the Motion to Compromise ("Initial Approval Hearing") was scheduled to be held in the Bankruptcy Case on November 22, 2006.

18.  Following an adjournment thereof, the Initial Approval Hearing was held

in the Bankruptcy Case on November 29, 2006. At the conclusion of the Initial Approval Hearing the Bankruptcy Court indicated that it would render its ruling at a hearing to be held on December 6, 2006.

19. On December 6, 2006 counsel for Plaintiff was notified by the Bankruptcy Court that the ruling on the Motion to Compromise would be delayed until December 13, 2006.

20. Subject to approval of this Court and pending the ruling from the Bankruptcy Court on the Motion to Compromise, the parties have agreed to suspend further discovery or other activity in this case.

Respectfully submitted this 7th day of December, 2006.

New Haven, Connecticut.

PLAINTIFF,
iXL ENTERPRISES, INC.

By: _____
Louis J. Testa (ct22342)
Neubert, Pepe & Monteith, P.C.
Its Attorney
195 Church Street, 13th Floor
New Haven, CT 06510
Telephone No.: 203-821-2000